IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KENNETH HINTON,                                                                                    PETITIONER
ADC #129731

v.                                           4:20CV00034-JM-JTK

DEXTER PAYNE                                                                                       RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I.     Introduction**

On June 7, 2013, Kenneth Hinton ("Hinton") was charged in Lincoln County, Arkansas, with battery in the first degree and battery in the second degree for actions taking place on October 28, 2012. (Doc. No. 40-4 at 3-4). The batteries occurred during a disturbance at the Varner Unit of the Arkansas Division of Correction ("ADC"); Hinton, who was an inmate at Varner at the time, was alleged to have participated in the events. (Doc. No. 40-5 at 18).

Attorney Jason Files represented Hinton in the criminal proceedings against him. Files moved for dismissal based on a speedy trial violation. (Doc. No. 40-2 at 60, 66-67, 221-250). The Motion reads, in relevant part:

> As of today, a total of 127 days in excess of one year have transpired without defendant having been retried. His pending charges should be dismissed with prejudice based on a violation of his constitutional right to a speedy trial, and Arkansas Rule of Criminal Procedure 28.

(Id. at 60).

The Court denied the motion in a written order and at the pretrial conference when Files renewed his motion. (Id. at 66-67, 221-250).

Files also asked the court to allow Hinton to appear in civilian clothing at trial, to no avail. (Id. at 63, 250-251). Files filed a motion seeking permission for Hinton to appear in civilian clothing at trial, then renewed his motion in the pretrial hearing. (Id.). At the hearing, the State objected "simply because of what he's in prison for. The offenses are serious, violent offenses. And there's not going to be any prejudice to him wearing a white uniform." (Id. at 251). The trial court denied Hinton's motion. (Doc. No. 40-2 at 251).

Ultimately, a jury convicted Hinton of first degree battery of ADC Warden Joe Page and second degree battery of ADC Lieutenant Stephen Simmons. (Doc. No. 40-3). Hinton was sentenced as a habitual offender to concurrent terms of 30 years imprisonment and 15 years imprisonment, respectively. Hinton v. State, 2017 Ark 107 at 1.

Hinton appealed. On appeal, Hinton asserted that the trial court erred in denying his motion to dismiss and erred in forcing Hinton to appear at trial in his prison uniform. (Doc. No. 40-5 at 6, 20-25). Hinton identified the standard of review as:

> A defendant charged in circuit court and incarcerated in prison in this state pursuant to conviction of another offense shall have the charge dismissed with an absolute bar to prosecution if not brought to trial within twelve months from the date set out in Rule 28.2. See Ark. R. Crim. P. 28.1(b). If the defendant is being retried following a mistrial, the time for trial shall commence running from the date of trial. See Ark. R. Crim. P. 28.2(c). Once a defendant demonstrates a prima facie violation, the burden on the State is to show that the delay was the result of the defendant's conduct or was otherwise justified. The appellate court reviews the

> excludable periods of time for speedy-trial calculation de novo. *Tatum v. State*, 2016 Ark. App. 80.
>
> Forcing a defendant to trial while wearing prison garb implicates the defendant's constitutional right to a fair trial; constitutional interpretation is reviewed de novo by the appellate courts. *Vankirk v. State*, 2011 Ark. 428.

(Id. at 20) (space in paragraph added).

The Arkansas Supreme Court affirmed. Hinton, 2017 Ark. 107.

Hinton then filed a petition and an amended petition for postconviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure. In his amended petition, Hinton made four arguments.

First, Hinton claimed he was denied effective assistance at trial because trial counsel failed to: investigate and call alibi witnesses; investigate and impeach the State's eyewitness testimony using ADC officer's incident reports and statements to the Arkansas State Police; investigate and object to the State's use of the ADC surveillance videos and photographs of the riot; and obtain ADC surveillance video that Hinton asserts would have shown that he was in Nine Barracks and not where the riot occurred. (Doc. No. 40-12).

Second, Hinton claimed that trial counsel and appelalte counsel failed to challenge the sufficiency of the evidence that he assaulted Warden Page and Lieutenant Simmons, and that Warden Page suffered serious physical injury. (Id.).

Third, Hinton claimed trial counsel failed to object to the presence of armed ADC officers positioned near Hinton at trial. (Id.).

Lastly, Hinton claimed trial counsel failed to suppress Sergeant Ridgell's in-court identification for the reason that it was the result of an impermissibly suggestive out-of-court procedure, and failed to raise the issue on appeal. (Id.).

Attorney Bill Luppen was appointed to represent Hinton for the Rule 37 proceedings. (Doc. No. 40-7 at 65). The trial court held an evidentiary hearing on Hinton's Rule 37 amended petition. (Id. at 97-192). Attorney Luppen made clear at the beginning and end of the hearing that his argument and proof at the hearing was limited to Hinton's claim that trial counsel was ineffective in failing to call alibi witnesses, but that Hinton was not waiving any of his other claims. (Id. at 99-100, 189).

The trial court denied relief. (Id. at 77-81).

Hinton appealed the trial court's denial of his petition. On appeal, Hinton raised only one issue—that the trial court erred in denying Hinton's claim that trial counsel was ineffective for failing to investigate and call alibi witnesses at trial. Hinton, 2019 Ark. 136, at 6-7. The Arkansas Supreme Court noted that Hinton thus had abandoned his other claims for postconviction relief, and affirmed the trial court's decision denying Hinton's ineffective assistance of counsel claim. Id. at 10, 4 n1.

Following the Arkansas Supreme Court's decision, Hinton filed his petition for writ of habeas corpus under 28 U.S.C. § 2254, followed by an amended petition. (Doc. Nos. 2, 31). Hinton is proceeding without the help of an attorney. He raised the following claims in his amended petition: actual innocence; ineffective assistance of trial counsel; ineffective assistance of direct appeal counsel; ineffective assistance of postconviction counsel; the state court's unreasonable adjudication on the merits of several issues; and cumulative error. With respect to Hinton's ineffective assistance of trial counsel claims, Hinton asserted specifically that: counsel failed to investigate and call inmate alibi witnesses; counsel failed to investigate and impeach the State's eyewitness testimony using ADC officers' incident reports and statements to the Arkansas State Police; counsel failed to investigate and object to the State's use of the ADC surveillance

4

videos and photographs of the riot; counsel failed to obtain ADC surveillance video that Hinton asserts would show that he was in Nine Barracks when the riot occurred; counsel failed to object to the presence of armed ADC officers positioned near Hinton at trial; counsel failed to suppress Sergeant Ridgell's in-court identification on the ground that it was the result of an impermissibly suggestive out-of-court procedure; counsel failed to retain an expert to examine the ADC surveillance video of the riot; counsel failed to call ADC officials to testify regarding Hinton's disciplinary proceedings; counsel failed to object during the State's closing argument; and counsel violated Hinton's Sixth Amendment right to make fundamental decisions regarding his defense in violation of McCoy v. Louisiana, 138 S. Ct. 1500 (2018).  (Doc. No. 32 at 1-55).

## II.  Discussion

Hinton's claims are addressed below, beginning with his actual innocence claim.  The majority of Hinton's claims are procedurally defaulted and fail on that ground.  Hinton's claims that are not procedurally defaulted lack merit for other reasons, as explained below.

### A.  Actual Innocence

Hinton argues that he is entitled to the equitable exception of actual innocence.  (Doc. No. 32 at 2-6; Doc. No. 47 at 13-16).

Mere legal insufficiency is not enough to establish actual innocence; "'[a]ctual innocence means factual innocence[.]"  Jimerson v. Payne, 957 F.3d 916, 929 (8th 2020).  The Supreme Court of the United States has not recognized actual innocence as an independent habeas claim on which relief may be granted.  Id.  But a habeas claim may survive procedural default through a showing of actual innocence.  To do so, a petitioner must support his claim with "'new reliable evidence . . . that was not presented at trial.'"  Id. (citing Schlup v. Delo, 513 U.S. 298, 324 (1995)). The petitioner also must establish that no reasonable juror would have found petitioner guilty

beyond a reasonable doubt in light of the new evidence. Id. (citing Dansby v. Hobbs, 766 F.3d 809, 816 (8th Cir. 2014)). The Court of Appeals for the Eighth Circuit has defined "new evidence" as evidence that was "not available at trial and could not have been discovered earlier through the exercise of due diligence." Barton v. Stange, 959 F.3d 867, 872 (8th Cir. 2020) (internal citation omitted).

Here, Hinton maintains that he was in his barracks when the riot began, rather than outside the chow hall where the riot took place. (Doc. No. 32 at 2-6). He claims that ADC video from within the barracks, alibi witness testimony, and incident reports would have established that he was not outside the chow hall. (Id.). The evidence upon which Hinton relies, however, was known or discoverable before trial. As such, the video, alibi witness testimony, and incident reports are not "new evidence" for the purposes of Schlup. Because Hinton has not brought to light new evidence, his claims are defaulted and do not fall within the cause and prejudice or actual innocence exceptions.

**B.    Procedurally Defaulted Claims**

Hinton filed his petition pursuant to 28 U.S.C. § 2254. (Doc. No. 31). Under § 2254, excluding certain exceptions not applicable in this case, "a [petition] for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that— (A) the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The Supreme Court of the United States has explained this requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's appellate review process.

O'Sullivan v. Beorckel, 526 U.S. 838, 845 (1999). Hinton, then, was required to exhaust his state law remedies before bringing this federal action.

Claims that are not exhausted in state court proceedings generally are procedurally defaulted. This Court is precluded from considering such claims unless the petitioner can demonstrate the cause for the default and actual prejudice. Coleman v. Thompson, 501 U.S. 722, 731-32 (1991); Murphy v. King, 652 F.3d 845, 849 (8th Cir. 2011).

Actual innocence may "save" a procedurally defaulted claim. Schlup v. Delo, 513 U.S. 298, 329 (1995). Further, Martinez v. Ryan, 566 U.S. 1 (2012), and the cases that follow may "save" a procedurally defaulted claim. But Martinez applies only to ineffective assistance of trial counsel claims. Dansby, 766 F.3d at 832-34. And before Martinez applies, a claim must have been raised in a Rule 37 Motion and, if unsuccessful, in the related appeal.

In this case, neither actual innocence nor Martinez save any of Hinton's procedurally defaulted claims.

### 1. Claims Raised in Petition But Not Raised in Rule 37 Motion

After the Arkansas Supreme Court denied Hinton's direct appeal, Hinton sought relief under Rule 37 of the Arkansas Rules of Criminal Procedure. Rule 37.2(b) provides:

> b) All grounds for relief available to a petitioner under this rule must be raised in his or her original petition unless the petition was denied without prejudice. Any ground not so raised or any ground finally adjudicated or intelligently and understandingly waived in the proceedings which resulted in the conviction or sentence, or in any other proceedings that the petitioner may have taken to secure relief from his or her conviction or sentence, may not be the basis for a subsequent petition. All grounds for postconviction relief from a sentence imposed by a circuit court, including claims that a sentence is illegal or was illegally imposed, must be raised in a petition under this rule.

ARK. R. CRIM. P. 37.2(b) (2017).

Hinton raised the following claims for the first time in his amended petition: counsel failed to retain an expert to examine the ADC surveillance video of the riot; counsel failed to call ADC officials to testify regarding Hinton's disciplinary proceedings; counsel failed to object during the State's closing argument; and counsel violated Hinton's Sixth Amendment right to make fundamental decisions regarding his defense in violation of McCoy v. Louisiana, 138 S. Ct. 1500 (2018). (Doc. Nos. 40-12, 32). As a result, these claims are procedurally defaulted.

As explained above, Hinton's actual innocence claim fails and he is not entitled to the miscarriage of justice exception to procedural default. Schlup, 513 U.S. at 329.

Further, Hinton's default of these claims is not saved by Martinez—Martinez applies only to the "first occasion" an inmate has to raise an ineffective assistance of counsel claim. Martinez, 566 U.S. at 16. Here, that first occasion was the Rule 37 proceedings. Because Hinton did not raise these claims at that "first occasion," these claims are procedurally defaulted.

### 2. Claims in Rule 37 Petition But Not in Appeal of Petition's Denial

Hinton raised certain ineffective assistance of counsel claims in his Rule 37 proceedings, but did not appeal these claims. (Doc. Nos. 32, 40-15); Hinton v. State, 2019 Ark. 136 (2019). Those claims are: counsel failed to investigate and impeach the State's eyewitness testimony using ADC officers' incident reports and statements to the Arkansas State Police; counsel failed to investigate and object to the State's use of the ADC surveillance videos and photographs of the riot; counsel failed to obtain ADC surveillance video that Hinton asserts would show that he was in Nine Barracks when the riot occurred; counsel failed to object to the presence of armed ADC officers positioned near Hinton at trial; counsel failed to suppress Sergeant Ridgell's in-court identification on the ground that it was the result of an impermissibly suggestive out-of-court

8

procedure; and direct appeal counsel was ineffective for failing to challenge the sufficiency of the evidence.

"Issues not argued on appeal are considered abandoned." Thomas v. Payne, 960 F.3d 465, 473 (8th Cir. 2020) (citing Fink v. State, 280 Ark 281 (1983)). Because these claims were abandoned on appeal, they were not heard by an appellate court and are procedurally defaulted. Id.

Hinton's default can be excused neither under the miscarriage of justice exception, as explained above, nor excused under Martinez. Hinton failed to raise issues on appeal and thus deprived the State of "one full opportunity to resolve constitutional issues." O'Sullivan, 526 U.S. at 845. And Martinez does not apply to claims of ineffective appeal counsel. Dansby, 766 F.3d at 832-34. Accordingly, the above claims are defaulted, and relief based on these claims is unavailable in this habeas proceeding.

### 3. Speedy Trial Claims

Respondent asserts that Hinton claimed for the first time in his federal habeas petition that the State's alleged failure to provide him with a speedy trial violated his federal due process and Sixth Amendment rights. As such, Respondent maintains Hinton's speedy trial claims are not reviewable in this action.

At the trial level, Hinton alleged that his "pending charges should be dismissed with prejudice based on a violation of his constitutional right to a speedy trial, and Arkansas Rule of Criminal Procedure 28" (Doc. No. 40-2 at 60). Hinton appealed the denial of his motion to dismiss. As set out above, Hinton identified the standard of review as:

> A defendant charged in circuit court and incarcerated in prison in this state pursuant to conviction of another offense shall have the charge dismissed with an absolute bar to prosecution if not brought to trial within twelve months from the date set out in Rule 28.2. See Ark. R. Crim. P. 28.1(b). If the defendant is being retried

9

> following a mistrial, the time for trial shall commence running from the date of trial. *See* Ark. R. Crim. P. 28.2(c). Once a defendant demonstrates a prima facie violation, the burden on the State is to show that the delay was the result of the defendant's conduct or was otherwise justified. The appellate court reviews the excludable periods of time for speedy-trial calculation de novo. *Tatum v. State*, 2016 Ark. App. 80.
>
> Forcing a defendant to trial while wearing prison garb implicates the defendant's constitutional right to a fair trial; constitutional interpretation is reviewed de novo by the appellate courts. *Vankirk v. State*, 2011 Ark. 428.

(Doc. No. 40-5 at 20) (space in paragraph added).

Hinton's table of authorities did not reference any authority supporting an allegation of violation of his due process or Sixth Amendment rights. (Doc. No. 40-5 at 8).

The Arkansas Supreme Court affirmed the trial court's denial of this claim, correctly limiting its focus to Rule 28.1 of the Arkansas Rules of Criminal Procedure. Hinton, 2017 Ark. 107, at 3-6.

Hinton did not argue violation of his due process and Sixth Amendment rights on appeal; instead, his argument was limited to Arkansas Rule of Criminal Procedure 28.1. Compare Dansby v. Hobbs, 766 F.3d 809, 823 (2014) (brief on direct appeal specifically mentioned Sixth Amendment rights and cited related precedent).

Hinton points out that his motion to dismiss "invoked the phrase 'violation of his constitutional right to a speedy trial.'" (Doc. No. 47 at 39). And in the pretrial hearing, Hinton "invoked his right to a speedy trial 'under the speedy trial act, which is my Fourteenth and Fifteenth Amendment right.'" (Id. at 40). Hinton maintains that

> [o]n direct appeal, Mr. Files referred to the Motion to Dismiss. [] This motion was part of the record on appeal and attached as Addendum 12 (Id.) Therefore, [Plaintiff's Sixth Amendment claim] was properly in front of the Supreme Court.

(Id.). Hinton's argument does not save this habeas claim.

That Hinton failed to argue violation of his due process and Sixth Amendment rights on appeal is fatal to his claim here. First, Hinton did not identify this claim as a point on appeal; the claim was thus abandoned. See Tarver v. State, 547 S.W. 3d 689, 693 (Ark. 2018). And even if Hinton had identified this claim on appeal through File's mention of the underlying motion to dismiss, an issue is nonetheless abandoned when an appellant does no more than mention the issue with no supportive argument. Hale v. State, 343 Ark. 62, 85 n.7 (2000). The record here shows Hinton neither identified this point as an issue on appeal nor made an argument on the issue.

As the Court of Appeals for the Eighth Circuit has explained, "both the factual grounds and legal theories on which the claim is based must have been presented to the highest state court in order to preserve the claim for federal review." Miller v. Lock, 108 F.3d 868, 871 (8th Cir. 1997). Because Hinton did not raise any constitutional issue on appeal, his due process and Sixth Amendment claims are procedurally defaulted. McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) (to fairly present federal claim in state court, petitioner must be specific in identifying federal claim). Further, no exception save this claim. Accordingly, this claim is not reviewable in this action. Reynolds v. Leapley, 52 F.3d 762, 763 (8th Cir. 1995).

### 4. Prison Garb

Similarly, Hinton's claim that that trial court erred by allowing armed ADC officers to sit near him at trial is procedurally barred. Hinton asserted in his Rule 37 petition that his attorney was ineffective for not objecting to the presence of the officers. But Hinton did not claim that the officers' presence in the courtroom deprived Hinton of the right to a fair trial under the Sixth and Fourteenth Amendments—a claim Hinton makes here for the first time. As such, this claim also is procedurally barred. McCall, 114 F.3d at 757 (8th Cir. 1997) (to fairly present federal claim in state court, petitioner must be specific in identifying federal claim).

### C. Claims Not Cognizable on Federal Habeas Review

Hinton claims his postconviction counsel was ineffective for abandoning all but one of Hinton's postconviction claims in the trial court and on appeal, and that his postconviction appeal counsel was ineffective. These claims are not cognizable in this federal habeas action because Martinez does not extend to post-conviction counsel. Martinez, 566 U.S. at 11-12; 28 U.S.C. § 2254(i).

### D. Cumulative Effect of Errors

Hinton asserts that the cumulative effect of the errors in his state proceedings entitle him to federal habeas relief. The Court of Appeals for the Eighth Circuit, however, has rejected such claims, holding that each constitutional violation must stand on its own. Byrd v. Armontrout, 880 F.2d 1, 11 (8th Cir. 1989). Accordingly, this claim fails.

### E. Claims Otherwise Lacking Merit

While the following claims are not procedurally defaulted, the claims lack merit as explained below.

Under the Antiterrorism and Effective Death Penalty Act of 1996, federal habeas courts are restricted to a "limited and deferential review of underlying state court decisions." Sera v. Norris, 400 F.3d 538, 542 (8th Cir. 2005); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir. 2004). Federal courts are prohibited from granting habeas relief on a claim that was adjudicated on the merits in state court, unless the adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Rompilla v. Beard, 545 U.S. 374, 380 (2005).

A state court decision is "contrary to" federal law if the state court arrives "at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." 28 U.S.C. § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court unreasonably applies federal law when the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. A state court decision is based on an "unreasonable determination of the facts" only if clear and convincing evidence shows "that the state court's presumptively correct factual findings do not enjoy support in the record." Lomholt v. Iowa, 327 F.3d 748, 752 (8th Cir. 2003); see also 28 U.S.C. § 2254(e)(1) (a state court's factual finding shall be presumed to be correct, and the applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence).

1. **Alibi Witnesses**

In his Rule 37 petition, Hinton claims that his trial counsel was ineffective for failing to investigate alibi witnesses and call those witnesses at trial. Hinton appealed the denial of this claim (and this claim alone) to the Arkansas Supreme Court following the trial court's denial of his Rule 37 petition. The Arkansas Supreme Court affirmed the trial court's denial of Hinton's Rule 37 petition.

Because Hinton does not claim that the Arkansas Supreme Court's decision is contrary to established federal law, this Court must determine whether the Arkansas Supreme Court's application of Strickland v. Washington or factual determinations were unreasonable.

Under Strickland, counsel's effectiveness is reviewed under a two-prong standard. Strickland v. Washington, 466 U.S. 668, 687 (1984).

>First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.

Id.. Second, "the defendant must show that the deficient performance prejudiced the defense." (Id.)

The Arkansas Supreme Court correctly identified Strickland's requirements. Hinton v. State, 2019 Ark. 136, at 7-8. The Arkansas Supreme Court also explained the law associated with ineffective assistance of counsel claims in connection with the decision of trial counsel to call a witness. Id. at 8. For example, the Court pointed out at that

>[w]hen assessing an attorney's decision not to call a particular witness, it must be taken into account that the decision is largely a matter of professional judgment which experienced advocates could endlessly debate, and the fact that there was a witness or witnesses that could have offered testimony beneficial to the defense is not in itself proof of counsel's ineffectiveness.

Id. at 9.

The Arkansas Supreme Court then considered Hinton's claim against the backdrop of Strickland. The Court explained:

>Hinton argues that even if Mr. Files had been told that Holliman's, Jester's, and Pearce's testimony may have amounted to perjury, this did not mean that Mr. Files could abdicate his responsibility to investigate Smith, McFerrin, Woods, and Ticey. Thus, Hinton contends that the first prong of *Strickland* has been met through Mr. Files's failure to investigate the inmate-alibi witnesses who were residing in Barracks 9 when the incident occurred.
>
>A review of the record demonstrates that Hinton has failed to meet his burden under the first *Strickland* prong because he has not demonstrated that his trial counsel's performance fell below an objective standard of reasonableness. Additionally, the record shows that trial counsel's decision to not interview or call the witnesses was based on reasonable professional judgment. Mr. Files's defense strategy—to present the riot as a very quick and traumatic incident that would then allow him to challenge the accuracy of the prison guards' recollection of the events—was clearly supported by reasonable professional judgment. Further, Mr. Files's decision to not call the inmate witnesses because their serious criminal histories would, despite Hinton's decision not to testify, make it appear to the jury that he likewise held a serious criminal history. Finally, Mr. Files testified that he did not want to force the

14

> jury to make a credibility determination between convicted inmates and law enforcement officers because he thought this would result in an unfavorable outcome for Hinton. Because the decision not to call the inmate witnesses falls within the realm of trial strategy, it is outside the purview of Rule 37.
>
> In sum, because we conclude that the performance of Hinton's trial counsel was not deficient, we need not address the prejudice requirement, which is the second prong under Strickland. *Williams v. State*, 2011 Ark. 489, 385 S.W.3d 228. Accordingly, the circuit court's decision to deny Hinton's petition for Rule 37 relief was not clearly erroneous, and we affirm.

Id. at 9–10.

The Arkansas Supreme Court did not apply Strickland in an objectively unreasonable manner. The Court found that Mr. Files, Hinton's trial counsel, made the strategic decision not to call certain witnesses after investigating those witnesses. The record contains fact that support the Arkansas Supreme Court's finding. Burt v. Titlow, 571 U.S. 12, 18-20 (2013). And, as Strickland expressed, this type of strategic choice is "virtually unchallengeable." Strickland, 466 U.S. at 690-91. Accordingly, due deference is appropriate and Hinton is not entitled to relief based on this claim.

### 2.    Civilian Clothing

Hinton seeks habeas relief based on the denial of his motion to appear in civilian clothing. At Hinton's pretrial hearing, Hinton's attorney renewed his written motion asking that Hinton be allowed to appear in civilian clothing. The state objected "simply because of what he's in prison for. The offenses are serious, violent offenses. And there's not going to be any prejudice to him wearing a white uniform." (Doc. No. 40-2 at 251). The trial court denied Hinton's motion. (Id.).

The Arkansas Supreme Court affirmed. In doing so, the Court discussed the evolution of decisions regarding motions to appear at trial in civilian clothing. Hinton v. State, 2017 Ark. 107, 7–10. The Arkansas Supreme Court recognized a defendant's right not to be forced to wear prison garb at trial, as well as the United States Supreme Court's acknowledgement that "when the

accused is being tried for an offense committed while in confinement, no prejudice can result from the defendant wearing prison garb because 'no prejudice can result from seeing that which is already known.'" Id. at 8 (citing Estelle v. Williams, 425 U.S. 501, 507 (1976)(discussing a Fifth Circuit case, Stahl v. Henderson, 472 F.2d 556 (5th Cir. 1973), where a defendant was tried in prison clothes for murdering a fellow inmate and certiorari was denied)).

The Arkansas Supreme Court concluded that where an inmate commits a crime while in prison, there is no prejudice to the defendant in appearing at trial in a prison uniform. This is consistent with federal law. Hinton is not entitled to federal habeas relief on this ground. 28 U.S.C. § 2254(d).

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.   Hinton's § 2254 Amended Petition for Writ of Habeas Corpus (Doc. No. 31) be DISMISSED without prejudice.

2.   A certificate of appealability not be issued.

DATED this 13th day of April, 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE